**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

CHE ROMERO,

      Plaintiff,

v.                               Case No.  5:21-cv-145-TKW-MJF

FCI MARIANNA HEALTH SERVICE
ADMINISTRATOR, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a federal prisoner proceeding *pro se*, has filed a proposed "Order to Show Cause for a Preliminary Injunction" and a motion seeking a preliminary injunction with exhibits. (Doc. 1).[1] Because Plaintiff did not initiate a civil action by filing a complaint, the District Court lacks subject-matter jurisdiction, and it should dismiss this action without prejudice.

---

[1] The District Court referred this case to the undersigned for preliminary review and to make recommendations concerning dispositive matters. *See* 28 U.S.C. § 636(b) and N.D. Fla. Loc. R. 72.2(C).

Federal Rule of Civil Procedure 3 states that a civil action is commenced by filing a "complaint.  Fed. R. Civ. P. 3. Generally a litigant cannot initiate a civil action in a federal court merely by filing a motion. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) (indicating that absent a properly filed complaint, a court lacks the power to issue preliminary injunctive relief: "injunctive relief must relate in some fashion to the relief requested in the complaint"); *see also*, *S.E.C. v. Ross*, 504 F.3d 1130, 1140-41 (9th Cir. 2007) (stating that merely naming an individual in a motion for disgorgement of ill-gotten gains is not the equivalent of filing a complaint and naming that individual as a party, and thus does not commence a civil action); *Greene v. Philadelphia Hous. Auth.*, 789 F. Supp. 2d 582, 585 (E.D. Pa. 2011) (a motion for a temporary restraining order and preliminary injunction is not a properly filed complaint and is insufficient to commence a civil action in federal court); *Birge v. Delta Air Lines, Inc.*, 597 F. Supp. 448, 454 (N.D. Ga. 1984) ("[O]nly the filing of a Complaint 'commences' a civil action . . . even for purposes of Title VII.") (citing *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 149-51 (1984)).

Under Article III of the United States Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *See Aetna Life Ins. Co. v.*

*Haworth*, 300 U.S. 227, 239 (1937). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted).

Here, Plaintiff has not filed an actual complaint under the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or any other authority. Because Plaintiff has not filed a complaint, there is no case or controversy to be heard, and any decision that the District Court might render would be advisory. The District Court, therefore, lacks jurisdiction to consider Plaintiff's request for a preliminary injunction. When a court lacks subject-matter jurisdiction, it should dismiss the case. *See* Fed. R. Civ. P. 12(h)(3).[2]

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

---

[2] In addition to the failure to file a complaint, Plaintiff also failed to pay the filing fee or move for leave to proceed *in forma pauperis*. Plaintiff's failure to pay the filing fee also warrants dismissal. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *accord Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014).

1.      This case be **DISMISSED** without prejudice for lack of subject-matter

jurisdiction.

2.      The clerk of the court close this case file.

At Pensacola, Florida, this <u>29th</u> day of July, 2021.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**